[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#115)
After hearing held on plaintiff's motion to dismiss, it is CT Page 4023 hereby Ordered: denied, for the following reasons:
The threshold requirement defined in Castagno v. Wholean,239 Conn. 336 (1996), on which the plaintiff relies in attacking jurisdiction, is inapposite in the instant contest.
In a recent case quite factually similar the trial court (Keller. J.), in denying a parent's dismissal motion as to a grandparent's visitation petition, ruled as follows:
 Unlike Castagno which involved grandparents filing an action for visitation against parents who were still married and residing together with their children, this court is faced with a nontraditional family of two unmarried parents and a child where the parents have separated. . . . When a nontraditional relationship is dissolving, the child is as likely to become a victim of turmoil and adult hostility as is a child subject to the dissolution of a marriage. [Cases cited]. . . .The Supreme Court [in Castagno] did not intend to limit state intervention in all cases where a child lives with one or both parents, but only refused to allow intervention in "intact" families.
Matthews v. Thomasen, 20 CONN. L. RPTR. No. 10, 357,358 (November 24, 1997).
In the instant context there is a nontraditional relationship in which both the plaintiff and defendant have in the past invoked jurisdiction of the court. That relationship has broken down and the family is not intact. Sec. 46b-59 of our General Statutes authorizes the court to grant child visitation under appropriate circumstances to any person who makes application therefor.
The court finds that there exists no jurisdictional bar as claimed by the plaintiff which would preclude the court from entertaining the timely visitation petition of the child's paternal grandmother. Accordingly, the plaintiff's motion to dismiss is denied.
GAFFNEY, J.